# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND J. BERGERON DAVILA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>MICHAEL J. ANDERSON,<br>BARBARA TEELING, and JOHN<br>DOES,<br><br>　　　　　　　　Defendants. | Case No. 19-CV-320-JPS<br><br><br>**ORDER** |

　　　　Plaintiff Raymond J. Bergeron Davila proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #6). Due to Plaintiff's indigence, the Court waived payment of an initial partial filing fee ("IPFF") in his case. (Docket #8).[1] The Court proceeds to screen the complaint.

　　　　The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

　　　　[1]Plaintiff seems to believe that the Court has not waived payment of the IPFF, because filed a second motion for leave to proceed *in forma pauperis*, claiming that he has no money to pay any fees at this time. (Docket #9). Because the IPFF was waived, the motion is unnecessary and will be denied as moot.

that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Defendants are employees of the Racine County Jail (the "Jail"). Plaintiff has been regularly housed at the Jail in connection with various state criminal cases pending against him. Plaintiff alleges that on January 16, 2019, Defendants Michael J. Anderson ("Anderson") and Barbara Teeling ("Teeling") applied excessive force to him while he was locked in a restraint chair. (Docket #1). He further alleges that the Doe defendants were present but did nothing to stop the attacks. *Id.*

Claims of excessive force against officials at county jails are typically brought pursuant to the Fourteenth Amendment's right to due process, which applies to pre-trial detainees prior to their conviction of a crime. Plaintiff alleges that he was already convicted as of January 16, 2019 and was in the Jail awaiting his sentencing hearing. Thus, he seeks to proceed against Anderson and Teeling under the Eighth Amendment, which protects convicted prisoners. However, the Seventh Circuit holds that prior to sentencing, the Fourteenth Amendment remains the source of an inmate's right to be free of excessive force. *Lewis v. Downey*, 581 F.3d 467, 473–75 (7th Cir. 2009). In any event, this aids Plaintiff's claim, as the due process clause "provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). However, "the exact contours of any additional safeguards" provided by the Fourteenth Amendment "remain undefined." *Id.* Thus, courts still turn to the traditional Eighth Amendment analysis to guide their assessment of excessive force claims.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S.

at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). Taking Plaintiff's allegations as true, Anderson and Teeling's conduct could be viewed as excessive force. Whether the evidence bears this out must be left for another day. For now, Plaintiff has stated a claim for violation of his Eighth Amendment rights against Anderson and Teeling.

Even if they do not use any force themselves, prison officials can be liable for another officer's use of excessive force if they have "a realistic opportunity to step forward and prevent" the attack but fail to do so. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). A failure-to-intervene claim requires the plaintiff to establish an underlying constitutional violation, as well as proof that the official who did not intervene acted "with a deliberate or reckless disregard of the plaintiff's constitutional rights." *Fillmore*, 358 F.3d at 506. As with the excessive force claim, this is a fact-intensive inquiry, and the assessment of those facts must be left for a later time. Plaintiff may proceed on a failure-to-intervene claim against the Doe defendants.

Therefore, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** The use of excessive force against Plaintiff, in violation of the Fourteenth Amendment, by Anderson and Teeling on January 16, 2019.

**Claim Two:** Failing to intervene to prevent the use of excessive force against Plaintiff, in violation of the Fourteenth Amendment, by the Doe defendants on January 16, 2019.

Accordingly,

**IT IS ORDERED** that Plaintiff's first motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #6) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #9) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge